# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
### Eastern Division

Rise Strategy Group

                      Plaintiff,

v.                                                  Case No.: 1:22−cv−04810
                                                             Honorable John J. Tharp Jr.

LeeAnne Walters, et al.

                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, October 3, 2022:

      MINUTE entry before the Honorable Young B. Kim: Subpoena Respondents' motion to quash [1] is granted in part and denied in part. First, Plaintiffs in the underlying case−−−In re Flint Water Cases, 5:16−cv−10444 (E.D. Mich.)−−−confirmed during the September 22, 2022 motion hearing that their subpoena is directed only at Tarrah Cooper Wright. As such, to the extent that the motion to quash is brought on behalf of Rise Strategy Group, the motion is denied as moot. Second, to the extent that the motion is brought on behalf of Respondent Wright, the motion is granted to the extent that the subpoena demands Wright to produce documents. As explained during the September 22nd hearing, the court finds that Plaintiffs have not taken reasonable steps to first secure whatever documents they need from Defendants in the underlying case before seeking the same from Wright, even though many of the documents are within Defendants' custody, possession, and control. Non−litigant witnesses should not be burdened with the need to search, locate, review, and produce documents that should be produced by the parties. As for those documents to which Defendants may not necessarily control−−−such as Wright's personal notes about her communications with Defendants−−−the court does not find them to be relevant or the production of the same to be proportional to the needs of the case because Plaintiffs are mainly interested in what Defendants said to Wright. Such information may be adequately discovered through the documents Defendants have in their possession and through Wright's deposition. Third, Plaintiffs are entitled to depose Wright in the Northern District of Illinois for no longer than seven hours because she may have relevant and unfiltered information regarding Defendants' statements, comments, and discussions about the underlying facts of the cases pending in Michigan. Wright may not have been involved in the actions giving rise to the underlying actions, but like the attorneys representing Defendants, she was and is in a unique position to have received relevant information about the facts of the case. Moreover, in light of Wright's role since February 2022, she may also have information on her discussions with Defendants' agents (including their attorneys) about the facts of the underlying case, what they said about the trial evidence, and what information and how it should be disseminated to the public. Not only is Wright 9;s testimony helpful to understanding what Defendants may have told her about the underlying action, but she will also be able to explain what Defendants did and said (or did not do or say) during the first bellwether trial. As such, a collateral benefit to Wright's deposition testimony is that the court in Walters, et al., v. Veolia North America,

Inc., et al., 5:17–cv–10164 (E.D. Mich.), may be able to use her testimony to better understand and rule on Plaintiffs' expected motion raising issues with Defendants' alleged disinformation campaign and how the court should mitigate risks of tainting the potential jurors and/or misleading the empaneled jurors with unsanctioned and incorrect information about the case. That said, Wright is not a party to the underlying actions in Michigan and is not obliged to sit for two days of deposition. Under Rule 30(d)(1), depositions are limited to seven hours. Wright and Plaintiffs are ordered to schedule Wright's deposition to be completed in the Northern District of Illinois between October 24 and November 11, 2022, and file a joint status report by October 11, 2022, advising the court of the confirmed deposition date. Mailed notice (ec)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.